UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY R. SULLIVAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 06-CV-660-SAJ ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration,[1] | ) ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**[2]

Pursuant to 42 U.S.C. § 405(g), Billy R. Sullivan ("Plaintiff"), appeals the decision of the Commissioner denying him disability insurance benefits under Title II of the Social Security Act. Plaintiff alleges that the ALJ erred as a matter of law in failing to (1) discuss significantly probative evidence which conflicted with his findings; and (2) properly evaluate the opinions of a treating physician. For the reasons discussed below, the Court hereby reverses and remands the Commissioner's decision for further proceedings consistent with this opinion.

**I. FACTUAL AND PROCEDURAL HISTORY**

Claimant was born on July 13, 1956, and was 47 years old on June 30, 2004, the date he was last insured for disability insured benefits. (*E.g.* R. 43, 46, 237-38.) He has a general equivalency diploma (R, 240), and past relevant work experience as a

---

[1] Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Commissioner of Social Security, is substituted for Jo Anne B. Barnhart as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of § 42 U.S.C. § 405(g) of the Social Security Act.

[2] This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

maintenance worker, painter, laminator, floor plan layout person, and custodian. (*See* R. 54, 262-63.)  He alleges that he became disabled on January 1, 2002, due to lumbar degenerative disc disease, motor peripheral neuropathy, chronic neck pain, headaches, and morbid obesity. (R. 237-38).   Plaintiff's medical records show a long history of neck and lower back pain, beginning in 1979.  (*See, e.g.,* R. 100, 131-32, 135,138-40, 144-45, 147-48, 157-82, 184, 187-90, 192, 215-16, 219-22, 226, 228-29).

Claimant protectively filed his application for disability insurance benefits on July 6, 2004. (R. 43, 237).  After he was denied benefits at the initial and reconsideration levels, he filed a timely Request for Hearing.  Administrative Law Judge ("ALJ") Charles Headrick held a hearing on March 8, 2006 (*see* R. 234-68) and issued a denial decision on June 20, 2006. (R. 10-17).  Plaintiff filed a Request for Review with the Appeals Council, but the Appeals Council denied his request on October 2, 2006. (R. 5-8).  He now seeks judicial review.

## II. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims.  *See* 20 C.F.R. §§ 404.1520, 416.920.  Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; . . . .

42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A).  A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy, . . . .

42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).[3/]

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by substantial evidence. See 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*. *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). The Court will "neither reweigh the evidence nor substitute its judgment for that of the Commissioner." *Qualls v. Apfel*, 206

---

[3/] Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510, 416.910 and 404.1572, 416.972). Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521, 416.972. If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work. A claimant is not disabled if the claimant can perform his past work. If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.3d 1368, 1371 (10th Cir. 2000); see *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational. *Williams*, 844 F.2d at 750.

"The finding of the Secretary[4/] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750. In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Williams*, 844 F.2d at 750. This Court must also determine whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). The Commissioner's decision will be reversed when he uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

### III. ADMINISTRATIVE LAW JUDGE'S DECISION

The ALJ found, among other things, that Plaintiff had the following severe impairments: degenerative disc disease and headaches. (R. 14.) However, the ALJ also determined that Plaintiff did not have impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*Id.*) The ALJ assessed Plaintiff's residual functional capacity (RFC) as follows: Plaintiff

---

[4/] Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. For the purpose of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner."

could occasionally lift and/or carry 50 pounds; frequently lift and/or carry 25 pounds; stand and/or walk about 6 hours in an 8-hour workday; and push and/or pull on an unlimited basis. (*Id.*)  The ALJ deemed Plaintiff capable of performing past relevant work as a maintenance worker, painter, floor plan layout worker, and custodian. (R. 16.)  Further, the ALJ found that, considering the Plaintiff's age, education, work experience, and residual functional capacity, there were other jobs existing in significant numbers in the national economy that Plaintiff could have performed during the relevant time period. (R. 17.)  Accordingly, the ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act, at any time through June 30, 2004, the date Plaintiff was last insured. (*Id.*)

## IV.  REVIEW

### A.  Probative Evidence

Plaintiff first argues that the ALJ failed to discuss significantly probative evidence which conflicted with his findings.  In particular, Plaintiff contends that the ALJ ignored the medical findings showing that Plaintiff had a herniated and/or bulging discs, early motor neuropathy, lumbar muscle spasms, decreased range of motion, tenderness, positive straight leg raise testing, and diminished reflexes in the lower extremities.  Br. # 21, at 8 (citing R. 101-102, 109, 115, 121, 140, 142, 144, 147-48, 158-59, 161, 163-65, 168-74, 177-82, 184-85, 187-90, 220, 226, 228-30.)  Further, Plaintiff maintains, the ALJ did not discuss the medical evidence related to Plaintiff's neck pain (R. 101, 139, 144-45, 147, 158-60, 163, 165-66, 168, 177) or his morbid obesity (R. 140, 144, 148.)  Finally, Plaintiff asserts, the ALJ did not mention the physical therapy and narcotic pain medications

prescribed or the surgery recommended for Plaintiff. (R. 109, 120-22, 125, 131, 144, 148, 216, 220.)

The Commissioner argues that this evidence is from outside the relevant period between January 1, 2002 (the alleged onset of disability) through June 30, 2004 (the date Plaintiff was last insured). The ALJ made the same observation and pointed out that, during the relevant period, Plaintiff's "treatment has been conservative in nature, he takes only over the counter medications and stated he 'walks, stretches, and takes hot baths,' to alleviate his pain. He also testified that he drives without restrictions." (R. 16.) The remainder of the ALJ's discussion of the medical record is limited to (1) a review of an RFC assessment by the DDS physician who evaluated the records and (2) a rejection of the opinion evidence by Plaintiff's treating physician. (*See* R. 15.)

The Court finds the ALJ's discussion inadequate. "[E]ven if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citing *Groves v. Apfel*, 148 F.3d 809, 810-11 (7th Cir. 1998); *Frustaglia v. Sec'y of Health & Human Servs.*, 829 F.2d 192, 193 (1st Cir. 1987)). Further, the ALJ neglected to analyze obesity as a contributing factor to Plaintiff's disability as required by SSR 02-1p, *Evaluation of Obesity*, 2000 WL 628049 (S.S.A. Sept. 12, 2002).[5/] The agency ruling requires an assessment of "the effect obesity has upon the individual's

---

[5/] Although Social Security rulings do not carry the force of law, they are generally entitled to deference because "they constitute the Social Security Administration's interpretations of its own regulations and the statute which it administers." *Walker v. Sec'y of Health & Human Servs.*, 943 F.2d 1257, 1259-60 (10th Cir. 1991).

6

ability to perform routine movement and necessary physical activity within the work environment." *Id.* at *6. In particular, the ALJ is required to explain how he reached his conclusion on "whether obesity caused any physical or mental limitations," and to "consider any functional limitations resulting from the obesity" in his Residual Functional Capacity ("RFC") assessment. *Id.* at *7.

While the medical evidence of record in this case does not show that Plaintiffs' impairments were necessarily disabling,[6/] a portion of the evidence supports Plaintiff's allegations and should have been discussed by the ALJ. The ALJ "is not required to discuss every piece of evidence" in the record, but "in addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir.1996). The ALJ's failure to discuss significantly probative evidence which conflicted with his findings warrants remand.

**B.     Treating Source**

Plaintiff also argues that the ALJ failed to properly evaluate the opinion of Plaintiff's treating physician, Dr. Jeffrey L. Galles, D.O.  The ALJ acknowledged that Dr. Galles treated Plaintiff from February 19, 1988 through August 20, 2004.  (R. 16.)  During the relevant period of alleged disability, Plaintiff saw Dr. Galles for a lacerated wrist (which he suffered while repairing or replacing a window) and for exhaustion in September 2003.  (R. 142-43).  Less than two months after the period ended on June 30, 2004, Plaintiff saw Dr.

---

[6/]   The Commissioner points to several medical records that weigh against a finding of disability (Resp. Br. Dkt. # 24, at 7-8); however, the ALJ did not draw explicitly upon that evidence in making his determination.

Galles with complaints of lower back pain, fatigue, and diffuse myalgia on August 20, 2004. (R. 140). Plaintiff stated his symptoms had increased over the past ten years and that he was "now not able to work." (*Id.*) Dr. Galles noted diffuse lumbar spine tenderness, but no motor weakness. (*Id.*) He wrote a letter stating that Plaintiff had degenerative disk disease and associated chronic low back pain. (R. 134.) Dr. Galles concluded that Plaintiff was "not able to maintain employment due to his pain, and thus is temporarily disabled." (*Id.*)

Applicable law requires an ALJ "to give controlling weight to the opinion of a treating physician as long as the opinion is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Hamlin*, 365 F.3d at 1215 (citing 20 C.F.R. § 404.1527(d)(2)); *see Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). The Tenth Circuit has emphasized that "[u]nder the regulations, the agency rulings, and our case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion," that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." *Watkins*, 350 F.3d at 1300 (quotations omitted); *see Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p, 1996 WL 374188 at *1 (S.S.A. July 2, 1996). The ALJ in this case wrote: "Although Dr. Galles maintained that the claimant was temporarily disabled through his period of treatment, he notes musculoskeletal back pain, but without evidence of fixed neurological deficits." (R. 15.)

The ALJ's reason for not giving controlling weight to Dr. Galles' August 20, 2004 opinion is specific, but insufficient. Other than the length of the treatment relationship between Plaintiff and Dr. Galles, there is no mention of the factors set forth in 20 C.F.R. §

8

404.1527(d)[7/] or other evidence in the record that is consistent with Dr. Galles' opinion. That evidence, as discussed above, includes Plaintiff's herniated lumbar disk compressing the thecal sac (R. 188), early motor peripheral neuropathy (R. 190), findings of positive straight leg raise testing (R. 101-102, 109, 120, 181-82, 228-30), diminished reflexes (R. 161,172, 230) and radiculopathy[8/] (R. 161, 172).  The ALJ could have recontacted Dr. Galles if he needed clarification or if he could not ascertain the basis of Dr. Galles' opinion. *See Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner,* SSR 96-5p, 1996 WL 374183 at *2 (S.S.A. July 2, 1996); 20 C.F.R. § 404.1512(e).  The Commissioner points out that Plaintiff's activities of daily living, as Plaintiff reported on his application materials in July 2004, appear to belie his claims of permanent disability; however, the ALJ did not discuss these admissions in his decision denying disability benefits to Plaintiff.

## V.  CONCLUSION

The Commissioner's decision denying Plaintiff's application for Social Security benefits does not follow the correct legal principles and is not supported by substantial evidence.  Accordingly, the Court hereby reverses and remands the Commissioner's decision for further proceedings consistent with this opinion.

---

[7/]  These include the examining relationship, the treatment relationship, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency, specialization and other factors.  20 C.F.R. § 404.1527(d).

[8/]  "Radiculopathy" is defined as "[a]ny diseased condition of roots of spinal nerves."  *Taber's Cyclopedic Medical Dictionary* 1665 (17th ed. 1993.)

It is so ordered this 8th day of May, 2008.

*Sam A. Joyner*
Sam A. Joyner
United States Magistrate Judge